IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHANNA ALBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2462 D/An |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

This matter is before the Court on Defendant's motion (dkt. # 20) for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. On May 18, 2003, Plaintiff, Ms. Johanna Albers ("Plaintiff"), brought an action against Defendant, Walgreen Co. ("Defendant"), for injuries that Plaintiff sustained while on the premises of Defendant's store. Defendant avers that no genuine issue of material fact exists as to its liability and that this Court should, therefore, grant summary judgment. The Court has jurisdiction pursuant to 28 U.S.C. § 1332  For the following reasons, the Court denies Defendant's motion.

**I. Factual History**[1]

The undisputed facts are as follows. On May 18, 2003, Plaintiff and her two sons, Ricky Harris and Steven Albers, went to Defendant's store, located on Stage Road in Bartlett, Tennessee, to purchase swimming goggles. The goggles were located in the "seasonal aisle" which also

---

[1] The facts are taken from the Statement of Undisputed Material Facts and the complaint.

his document entered on the docket sheet in compliance
ith Rule 58 and/or 79(a) FRCP on 10-12-05



contained toys. After taking three steps into the aisle, Plaintiff stepped on a toy car and fell. She did not see the toy car, which was four inches long and two inches wide, prior to stepping on it. Plaintiff allegedly suffered serious injuries as a result of the fall, including a bone fracture.

Larry Kemp ("Mr. Kemp"), is employed by Defendant as an executive assistant and was on duty when Plaintiff fell. Allegedly, Mr. Kemp had checked the seasonal aisle approximately one hour before the fall, did not know how long the car had been on the floor prior to Plaintiff stepping on it. A cleaning crew swept the floors nightly and anytime one of Defendant's employees walked through the store he or she was to check the floor for debris. Defendant utilized guardrails in front of bins of loose items in the seasonal aisle to prevent items from falling on the floor. In the twenty-four months preceding Plaintiff's accident, no claims were made against Defendant for the particular store where Plaintiff's accident occurred.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the

nonmoving party's case. Id. at 325. This in turn may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. Supp. 1996).

The parties must present facts to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l, 171 F.3d 1065, 1068 (6th Cir. 1998). The court may consider any material that would be admissible at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1983). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Walborn v. Erie County Care Facility, 150 F.3d 584, 588 (6th Cir. 1998). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the non-

moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. In a negligence claim, summary judgment is appropriate only when the inferences which may be drawn from the uncontroverted facts are so certain that all reasonable persons must agree on them. Brookins v. The Round Table, Inc., 624 S.W.2d 547 (Tenn. 1981).

## B. Negligence Claims

In order to prevail on a negligence claim, the plaintiff must prove that (1) the defendant owed a duty, (2) the defendant breached the duty, and (3) the plaintiff was injured as a result of the breach of duty. Benson v. H.G. Hill Stores, Inc., 699 S.W.2d 560, 562 (Tenn. Ct. App. 1985). An owner/operator of a retail store owes its customers a duty to exercise reasonable care in keeping the premises in a reasonably safe and suitable condition. Simmons v. Sears, Roebuck & Co., 713 S.W.2d 640, 641 (Tenn. 1986). A defendant may be held liable for a breach of this duty if the plaintiff establishes that the defendant either created the dangerous condition, or that someone other than the defendant created the condition and that the defendant had actual or constructive knowledge of its existence prior to the accident. Hardesty v. Serv. Merch. Co., Inc., 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997).

## III. Analysis

Defendant maintains that it did not breach a duty of reasonable care to Plaintiff. Under Tennessee law, a business owner owes customers a duty

> to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible . . . if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such conditions.

4

Self v. Wal-Mart Stores, Inc., 885 F.2d 336, 338 (6th Cir. 1989) (quoting Simmons v. Sears, Roebuck and Co., 713 S.W.2d 640, 641 (Tenn. 1986)).

In the instant motion, there is no evidence that Defendant had actual notice of the toy on the floor, therefore, the analysis is confined to whether Defendant had constructive notice of a dangerous condition. At the time of the accident, the store was not crowded, thus, making the visibility of the toy more likely. Defendant argues that because of the visibility of the toy on the floor, the toy did not create a hazardous condition requiring immediate attention. Def. Mot. for Sum. J. ¶ 6. Plaintiff contends that regardless of the conditions at the time of the accident, Defendant's procedures for maintaining the aisles fell below the appropriate standard of care. Even though Defendant's employees are instructed to monitor the aisles for debris, Defendant admitted that employees are not individually assigned to this task. Pl. Resp. to Def. Mot. for Sum. J. ¶¶ 10-11, (citing, Kemp Depo. ¶¶ 32-33.) In addition, Mr. Kemp could not remember if the nightly cleaning crew came in to sweep the night prior to the accident. Id.

Generally, "constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed. . . ." Self, 885 F.2d at 338 (citations omitted). Thus, to predicate liability on the defendant's constructive knowledge, "the proof must show [that] the dangerous or defective condition existed for such length of time that the [d]efendant knew, or in the exercise of ordinary care should have known, of its existence." Id. (quoting Worsham v. Pilot Oil Corp., 728 S.W.2d 19, 20 (Tenn. Ct. App. 1987)). Mr. Kemp inspected the seasonal aisle approximately an hour before Plaintiff's accident. Even though the store was not crowded, an hour allows enough time for Defendant's patrons to dishevel store items and recreate a dangerous condition. The fact that the existence of toys in the aisle would naturally attract children, who may

be more prone to leave toys about should have caused Defendant to check the aisle more frequently. Thus, a genuine issue of material fact exists as to whether waiting almost an hour to reinspect the seasonal aisle fell below the exercise of ordinary care.

Additionally, Plaintiff argues that Defendant had constructive knowledge of a dangerous condition because the toy bins on the bottom shelf and the "low and small guard rails" were inadequate in preventing the toys from falling out of the bins. Pl. Resp. to Def. Mot. to Dismiss ¶ 4. Plaintiff argues that this design "increase[d] the probability that children would be tempted to remove [toys] from the bins either to purchase or play with them while parents are shopping." Id. Plaintiffs may also prove that a premises owner had constructive notice of a dangerous condition by "showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." Blair v. West Town Mall, 130 S.W.3d 761, 765-66 (Tenn. 2004). Considering the totality of the record, whether this condition was sufficiently dangerous to put the Defendant on notice presents a genuine issue of fact which must be resolved by the trier of fact.

## IV. CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's motion for summary judgment.

IT IS SO ORDERED this 11th day of October 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 2:04-CV-02462 was distributed by fax, mail, or direct printing on October 12, 2005 to the parties listed.

---

Benjamin Lundy Daniel
DANIEL LAW FIRM
8 S. Third Street
2nd Floor
Memphis, TN 38103

Leland M. McNabb
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable Bernice Donald
US DISTRICT COURT