IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JOHNNA ALBERS,**

    Plaintiff,

vs.                                     Civil No. 04-2462-D-An

**WALGREEN CO.,**

    Defendant.

## JOINT PROPOSED PRETRIAL ORDER

Plaintiff JOHNNA ALBERS and Defendants WALGREEN CO., by and through counsel, and pursuant to Fed.R.Civ.P. 16 and Rule 11(b)(13) of the Local Rules of Court for the United States District Court for the Western District of Tennessee submit this pretrial order.

1. **Jurisdiction.** This is an action for personal injuries. Jurisdiction of this court is invoked under 28 U.S.C. §1332, diversity of citizenship. There is no dispute as to jurisdiction.

2. **Pending Motions:** There are currently six motions pending before the court in this matter:

    a. Defendant's Motion for Summary Judgment;

    b. Plaintiff's Motion in Limine To Admit Evidence and Testimony at Trial;

    c. Plaintiff's Motion for Continuance of Discovery Deadlines and Trial Date;

    d. Plaintiff has also objected to one of Defendant's listed exhibits;

    e. Defendant's Motion in Limine to Exclude General Liability Claim Form; and

    f. Defendant's Motion in Limine to Exclude Certain Medical Expenses.



3. **Summary of Plaintiff's Theories.** This case involves slip and fall accident that occurred on May 18, 2003 at the Walgreen's store located on Stage Road in Memphis, Shelby County, Tennessee. Briefly, the Plaintiff, Johnna Albers, was shopping in the store accompanied by her two sons. Mrs. Albers separated from her sons to look for swimming goggles. The goggles were located on an aisle that also contained toys. As Mrs. Albers entered that aisle, approximately three steps into the aisle, she stepped on a foreign object on the floor. She did not see the object prior to stepping onto it. Mrs. Albers later discovered that she had stepped on a toy car that was on the floor of the aisle that contained the swimming goggles. This incident left Plaintiff Albers injured, requiring surgery to repair her right shoulder, and medical bills exceeding $24,000.

Plaintiff will call as witnesses her two sons Ricky Harris and Steven Albers, who will testify that the toy was in the aisle and caused Mrs. Albers to fall. Plaintiff will also provide evidence of her lost wages caused by the accident, which totaled approximately $4,911. Plaintiff's medical treatment was primarily provided by Dr. Jean Simard, whose testimony will be presented in the form of a deposition transcript. As stated, Plaintiff contends Mrs. Albers medical expenses total roughly $24,000 to date, and were all reasonable and necessary to her treatment as it related to her fall. Dr. Simard performed a right shoulder arthroscopy to alleviate Plaintiff's shoulder pain suffered in the fall. Plaintiff contends also that Plaintiff suffered an impingement fracture to her shoulder suffered in the fall.

Plaintiff is proceeding against the Defendant Walgreen Co. under the theory of negligence. Ricky Harris and Steven Albers will testify as witnesses. Plaintiff contends that the store manager, Larry Kemp, will testify that there were the same or similar toys left on the floor of that aisle prior to Mrs. Albers' fall, and that he may or may not have picked them all up prior to her fall.

Plaintiff also contends that Walgreen Co. made an incident report as part of their risk management procedures, and admitted fault in said document.

4. **Summary of Defendant's Theories.** Defendant will call its employee, Larry Kemp, to testify at trial. Mr. Kemp will testify he checked the aisle approximately one hour prior to Plaintiff's fall. Mr. Kemp will further testify that he did not place the toy on the floor, he does not know who placed the toy on the floor, or how long the toy was on the floor prior to Plaintiff's fall.

Defendant contends Plaintiff cannot prove how the toy came to be on the floor, how long the toy had been on the floor, that Defendant had knowledge that the toy was on the floor prior to Plaintiff's fall, or that the presence of the toy on the floor represents a pattern of conduct, recurring incident, or a general or continuing condition such that its presence was reasonably foreseeable to the owner.

Defendant will contest that Plaintiff can prove within a reasonable degree of medical certainty that her medical condition was due to the subject fall. Defendant alleges that certain of Plaintiff's medical expenses have not been shown to be reasonable and necessary.

5. **Statement of Uncontested Facts.** Johnna Albers was shopping in the Walgreen's store on May 18, 2003, on Stage Road in Memphis, Shelby County, Tennessee. She was accompanied by her two sons. Mrs. Albers separated from her sons to look for swimming goggles. The goggles were located on an aisle that also contained toys. As Mrs. Albers entered that aisle, approximately three steps into the aisle, she stepped on a foreign object on the floor. Mrs. Albers later discovered that she had stepped on a toy car that was on the floor of the aisle that contained the swimming goggles. The toy on which Plaintiff stepped was loose and unwrapped. For this fall, Plaintiff claims injury to her right shoulder. Mrs. Albers' lost wages relating to her injuries were roughly $4,911.

3

6. **Statement of Disputed Facts.** A statement of facts is itemized as follows: Color of the floor, whether Steven Albers saw the car before Johnna Albers stepped on it; whether the defendant knew the cars were on the floor prior to Mrs. Albers' fall, whether Defendant left toy opened and unwrapped, whether Defendant displayed the toy on the bottom bin, how long the toy cars had been on the floor prior to her fall, how the toys got onto the floor, the extent and cause of Mrs. Albers' injuries.

7. **Statement of Contested Issues of Law.** The contested issues of law, in addition to those implicit in the theories of the Plaintiff and Defendant, are:

   a. Whether the Defendant was negligent?

   b. Whether the Defendant failed to maintain a safe premise for patrons of the store?

   c. Whether the Defendant created the hazardous condition causing Plaintiff's fall?

   d. Whether the Defendant had actual or constructive knowledge that the hazardous condition existed prior to the accident?

   e. What percentage of fault, if any, should be attributed to the parties?

   f. The nature and extent of plaintiff's injuries and damages to be awarded, if any.

8. **List of Exhibits.** A list of Plaintiff's and Defendants' witnesses and exhibits have been previously filed through their respective Rule 26 Disclosures, as well as subsequent objections to said lists.

9. **Relief Sought.** Plaintiff is seeking compensatory damages including, but not limited to, recovery of past and future medical bills, past and future pain and suffering, past and future loss of earning capacity/wages/benefits, past and future loss of enjoyment of life, permanent injury and disfigurement, and any other damages that the jury may find Plaintiff is entitled to recover. The jury will be asked to assess damages not in excess of $230,000.00. Medical bills testified to in deposition are $24,026.63, past lost wages of Mrs. Albers are $4,911. Defendant Walgreen Co. disagrees with the claim of future damages and disfigurement.

10. **Interest Attorneys.** The parties of interest are as follows:

>Ben L. Daniel, BPR 016049
>Attorney for Plaintiff, Johnna Albers
>Daniel Law Firm
>8 South Third Street, Suite 204
>Memphis, Tennessee 38103
>901-525-5555
>
>Leland McNabb
>Attorney for Defendant Walgreen Co.
>McNabb, Bragorgos & Burgess, PLLC
>81 Monroe Avenue, Sixth Floor
>Memphis, TN 38103-5402
>901-624-0640
>
>Courtney Schuyler
>Attorney for Defendant Walgreen Co.
>McNabb, Bragorgos & Burgess, PLLC
>81 Monroe Avenue, Sixth Floor
>Memphis, TN 38103-5402
>901-624-0640

A copy of Plaintiff's letterhead is attached hereto as Exhibit A.

11. **Equipment.** Plaintiff will need an overhead projector, and plans on bringing an easel.

12. **Other Matters.** Anticipated length of trial is two to three days. This is a jury trial.

BE IT SO ENTERED this the __11th__ day of October, 2005.

*[signature]*
United States District Judge

APPROVED AS TO FORM AND SUBSTANCE:

    Ben L. Daniel, BPR 016049
    Daniel Law Firm
    8 South Third St., Suite 204
    Memphis, Tennessee 38103
    901/525-5555
    Tennessee Bar #016494

By: _____
    Ben L. Daniel
    Tennessee Bar #016049




    McNabb, Bragorgos & Burgess, PLLC
    81 Monroe Avenue, Sixth Floor
    Memphis, TN 38103-5402


By: _____
    Leland M. McNabb
    Tennessee Bar #7551

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:04-CV-02462 was distributed by fax, mail, or direct printing on October 13, 2005 to the parties listed.

---

Benjamin Lundy Daniel
DANIEL LAW FIRM
8 S. Third Street
2nd Floor
Memphis, TN 38103

Leland M. McNabb
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable Bernice Donald
US DISTRICT COURT